UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

```
JERRY HOLLAND,                    :
                                  :
        Petitioner                : No. 4:CV-11-0269
                                  :
    vs.                           : (Petition Filed 02/08/11)
                                  :
RONNIE HOLT, Warden,              : (Judge Muir)
                                  :
        Respondent                :
```

**MEMORANDUM AND ORDER**

April 29, 2011

Presently before the court is a petition for writ of corpus filed pursuant to 28 U.S.C. § 2241 by petitioner, Jerry Holland("Holland"), an inmate currently confined in the Canaan United States Penitentiary, Waymart, Pennsylvania.  For the following reasons, the court will dismiss the petition as a successive petition pursuant to 28 U.S.C. §2244(a).

I. **Background**

On June 6, 2001, Holland, and numerous other defendants, were indicted in the United States District Court for the Middle District of Pennsylvania, of various counts of drug and firearm violations. (Doc. 12-2,Docket Sheet for United States v. Anderson, Criminal Docket No. 1:01-cr-00195 at 1). The counts

against Holland have been summarized by the United States Court of Appeals for the Third Circuit Court of Appeals as follows:

> [O]n October 15, 2002...a jury verdict convict[ed]...Holland... on three of the four counts of the second superseding indictment in this case. In particular, the three counts on which the jury convicted him were as follows: Count I, intentionally and knowingly manufacturing, distributing, and possessing with the intent to manufacture and distribute 50 grams or more of cocaine base...and aiding and abetting counseling, commanding, inducing, and procuring the same in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; Count II, intentionally and knowingly using a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2; and Count V, conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute 50 grams or more of cocaine base...in violation of 18 U.S.C. § 846. In addition, he was charged in Count IV with causing the death of Jason Harrington through the use of a firearm used during and in relation to drug trafficking and a drug trafficking conspiracy in violation of 18 U.S.C. § 924(j) and 18 U.S.C. § 2. The jury, however, deadlocked on that count and the court late dismissed it.

United States v. Holland, No. 02-4005, 75 Fed. Appx. 878, 2003 WL 22183555,*1 (3d Cir. 2003).

Holland's § 924(c) conviction arose from a witness statement that in 1999 Holland had traded a silver handgun for crack cocaine and cash. The witness also testified that Holland test fired the gun, after which, the witness was then given eighty dollars worth of crack cocaine and one hundred dollars in cash.

On October 15, 2002, following a jury trial, Holland was convicted of intentionally and knowingly manufacturing, distributing, and possessing with the intent to manufacture and distribute 50 grams or more of cocaine base, aiding and abetting counseling, commanding, inducing, and procuring the same; intentionally and knowingly using a firearm in furtherance of a drug trafficking crime; and conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute 50 grams or more of cocaine base. See Holland, 2003 WL 22183555, *1. He was sentenced to two consecutive life sentences plus a 60 month term of imprisonment for the § 924(c) conviction. Id.

On October 21, 2002, Holland filed a direct appeal to the United States Court of Appeals for the Third Circuit. Specifically, Holland argued that the evidence was not sufficient to "prove beyond a reasonable doubt the offense of Conspiracy to Distribute 50 grams or more of crack cocaine" and that the court erred in giving supplemental instructions to the jury that were misleading and inaccurate. See Holland, 2003 WL 22183555, *1. Holland contended he was entitled to a new trial on the conspiracy and distribution counts due to the

supplemental jury instructions. Id. Upon review, the appellate court found affirmed the judgment of the district court. Id. at * 4.

On December 23, 2003, Holland filed a petition for writ of certiorari to the United States Supreme Court. On March 3, 2004, the Supreme Court denied Holland's petition for writ of certiorari. See Holland v. United States, 540 U.S. 1205 (2004).

On February 2, 2005, Holland filed a motion to vacate under 28 U.S.C.§ 2255. The motion was denied on May 24, 2005. See Holland v. United States, 2005 WL 1229733 (M.D. Pa. May 24, 2005) (slip opinion). On October 6, 2005, the Third Circuit Court of Appeals denied Holland's request for a certificate of appealability.

On January 19, 2007, Holland filed a pro se document entitled "Hold Motion in Abeyance", which the district court treated as an attempt to file a motion litigating a challenge to his sentence under Blakely v. Washington, 542 U.S. 296 (2004). On February 5, 2007, the motion was denied and Holland was advised that the claim had to be brought in a § 2255 motion for which permission was required from the Third Circuit Court of

Appeals. <u>Holland v. United States</u>, No. 1:01-cr-00195 (M.D. Pa. Jan. 5, 2007) (Caldwell, J.).

On November 23, 2007, Holland filed a "Motion for Equitable Relief" pursuant to Fed. R. Civ. P. 60(b)(6) as well as Article III of the Constitution. The Court determined that district courts do not have inherent equitable power under the Constitution to revise their judgments at will. See <u>Holland v. United States</u>, No. 1:01-cr-00195 (M.D. Pa. Dec. 4, 2007) (Caldwell, J.). The Court further found that Holland's claims, attacking the validity of his conviction, were more appropriately raised in a § 2255 motion, which the district court lacked jurisdiction to consider, without the Third Circuit's approval. <u>Id</u>. Therefore, the Court dismissed his motion. <u>Id</u>.

On February 20, 2009, Holland filed <u>Holland v. Holt</u>, Civil No. 4:CV-09-0329, in this Court, challenging his conviction pursuant to 28 U.S.C. § 2241. Specifically, he challenged his firearm conviction under 18 U.S.C. § 924(c)(1), pursuant to the United States Supreme Court's mandate in <u>Watson v. United States</u>, 552 U.S. 74 (2007), which Holland claims determined that

the conduct he was convicted of was now non-criminal conduct. Id.

By Order dated July 20, 2009, the petition was dismissed for lack of jurisdiction. Id. Specifically, this Court found the following:

> To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are required to bring their collateral attacks challenging the validity of their conviction of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255, not under 28 U.S.C. § 2241. Id. at 249. If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. § 2241, the habeas petition must be dismissed for lack of jurisdiction. Galante, 437 F.2d at 1165.
>
> It is the petitioner's burden to prove that § 2255 would be an inadequate or ineffective remedy. Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001)(citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Holland has not met this burden. Moreover, Holland does not state that he has requested permission from the United States Court of Appeals for the Third Circuit for leave to file a successive petition. There remains that possibility that Holland would be granted permission by the Third Circuit to file a successive § 2255 motion, if appropriate. Thus, the court will dismiss Holland's petition for a writ of habeas corpus under 28 U.S.C. § 2241, without prejudice to any right petitioner may have to seek leave to file a second or successive § § 2255 motion.

Holland v. Holt, Order of July 20, 2009 at pp. 8-9.

-6-

On March 17, 2010, Holland filed a motion for reconsideration, which was denied as untimely by Order dated April 14, 2010.  Id.

On May 10, 2010, Holland filed a Notice of Appeal, challenging this Court's April 14, 2010 Order denying his motion for reconsideration as untimely.  Id.

By Order dated December 9, 2010, the United States Court of Appeals for the Third Circuit affirmed this Court's April 14, 2010 Order. Holland v. Holt, 210 WL 5018169 C.A. 3 (Pa.).

On February 8, 2011, Holland filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, petition).  The petitioner once again challenges his firearm conviction under 18 U.S.C. § 924(c)(1), pursuant to the United States Supreme Court's mandate in Watson v. United States, 552 U.S. 74 (2007).

**II  Discussion**

The pertinent authority for dismissing successive habeas corpus petitions is found in 28 U.S.C. § 2244(a) and Rule 9(b)[1]

---

1. Rule 9(b) of the Habeas Corpus Rules provides:
   A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or, if new and different grounds are alleged, the

of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), as made applicable to 28 U.S.C. § 2241 cases by Rule 1 thereof.

Prior to the 1996 amendments, section 2244 authorized dismissal of a successive habeas petition "that presented no new ground not heretofore presented and determined." McCleskey v. Zant, 499 U.S. 467, 483 (1991). Section 2244 provided:

> (a) No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus and the petition presents no new ground not heretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

The Supreme Court in McCleskey expanded section 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> A petitioner may abuse the writ by failing to raise a claim though inexcusable neglect. Our most recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he

---

judge finds that the failure of petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

>    could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.

McCleskey, 499 U.S. at 489.

As newly amended, section 2244 appears to provide for habeas corpus petitions brought specifically under 28 U.S.C. §2254 or 28 U.S.C. § 2255. In relevant part, section 2244(a) now provides:

>    No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255.[2]

However, although not expressly referenced in § 2244(a), courts have consistently held that the substantive provisions of

---

2.  Section 2255 provides in part:
      A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
(28 U.S.C. § 2255(4)).

section 2244, are applicable to section 2241 habeas petitions brought by federal prisoners. Felker v. Turpin, 518 U.S. 651, 664 (1996)(holding that the restrictions on successive petitions found in 28 U.S.C. § 2244, as amended by the AEDPA, "constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ'" and applying those principles to an original petition filed under 28 U.S.C. § 2241); Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998)(holding that § 2244(a) bars successive petitions under 28 U.S.C. § 2241 directed to the same issue concerning execution of a sentence); Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997)(dismissing § 2241 petition as successive pursuant to § 2244); Byrd v. Gillis, 1997 WL 698157, at *1 (E.D. Pa. 1997)(applying § 2244's requirements of second and successive petitions to a petition for writ of habeas corpus filed under 28 U.S.C. § 2241).

    It is apparent from the record that Holland is again seeking to challenge the validity of his conviction and sentence. Since he has unsuccessfully pursued this matter before this court, for lack of this Court's jurisdiction, the instant petition is tantamount to a successive petition and will be dismissed

pursuant to 28 U.S.C. § 2244(a). An appropriate Order accompanies this Memorandum Opinion.

                        s/Malcolm Muir
                        MUIR
                        United States District Judge

```
               UNITED STATES DISTRICT COURT FOR THE
                  MIDDLE DISTRICT OF PENNSYLVANIA


JERRY HOLLAND,                    :
                                  :
         Petitioner               : No. 4:CV-11-0269
                                  :
     vs.                          : (Petition Filed 02/08/11)
                                  :
RONNIE HOLT, Warden,              : (Judge Muir)
                                  :
         Respondent               :
```

### **ORDER**

April 29, 2011

For the reasons set forth in the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1.  The petition for writ of habeas corpus is **DISMISSED** pursuant to 28 U.S.C. §2244(a).

2.  The Clerk of Court is directed to **CLOSE** this case.


                        s/Malcolm Muir
                        MUIR
                        United States District Judge